24-2837, Abira Medical Laboratories v. Cigna Health and Life Insurance Company. I understand, Mr. Doberman, you would like to reserve three minutes for rebuttal? Correct, Your Honor. Please proceed. Thank you, Your Honor. Good morning. My name is Jeremy Doberman. I represent Abira Medical Laboratories, LLC. In this case, that was brought against the insurance company Cigna. I think it's important in a case like this and in a posture like this to remember fundamentally what the allegations are. My client is a medical testing laboratory that provided services to patients that were referred to it for medical services. And it was not then paid reimbursement by Cigna over about a five-year period from 2017 to 2021, either not paid entirely or under payment of claims for claims that were made to Cigna over about a five-year period. And could you just clarify the scope of your argument on appeal right now in light of the previous decision of Murphy Medical? Yes, Your Honor. You're only, as I understand it now, challenging the dismissal of the ERISA and the remaining state law claims. Is that right? Correct, Your Honor. So we do not challenge and we have conceded the FFCRA claim and the CARES Act claim. So we are no longer asserting that there's a private right of action under the COVID statute. And I'm sorry, I think you're also still challenging the denial of requests for leave to amend your complaint. That's a major portion of our argument. So I wanted to hit on. That's great. Thank you. I wanted to hit on two specific points this morning. The first is an argument actually made in the police brief. The first argument, which is that this appeal is now moot because a bureau failed in its appellant's brief to challenge the dismissal, the alternative dismissal that the district court provided of the state law claims as preempted by ERISA. So, Your Honor, I think fundamentally this is an attempt by Cigna to try to confuse the issues. And we made this clear in our reply brief. The dismissal of state law claims for ERISA preemption is only proper to the extent that such claims are governed by ERISA. So just to take a step back, a patient comes in for services. We provide the services. In this case, it's medical testing of a specimen that's submitted by the patient. There's a requisition for service, which assigns the benefits of the patient to a bureau, to the appellant. And the appellant then provides the services and bills Cigna for the services under the terms of the plan or policy that we're talking about. In a data set as large as this that was attached to the amended complaint, a printout of a spreadsheet that included thousands of claims, Can I pause you for a second? With respect to your ERISA claim, my understanding is the district court found that you had failed to adequately allege any valid assignment of claims. Is that what, in terms of what the district court did, is that your understanding? Yes, Your Honor. That's one. And I guess my question is, where in your opening brief, your blue brief, did you challenge that? So, Your Honor, with regard to the standing argument? With regard to the finding by the district court, yeah, that you had not, there had not been a valid assignment. Where, just give me a page. Your Honor, I apologize. I don't have the opening brief in front of me. We did specifically make an argument. You can give it to us in the reply, but it is crucial, so I do hope you will tell us where you find that you did that. So, Your Honor, we interpreted the district court's order to essentially be saying, yes, preemption is appropriate for plans that are, for underlying medical claims and plans that are governed by ERISA. In a data set as large as this, and this is what I was saying, you have some claims, some underlying medical claims that are going to be governed by ERISA, and some that are not. The fundamental problem is that the appellant, the medical provider in this case, doesn't have in front of it, when it provides the services and then makes the claims to CIGNA, the actual terms of the plan. It doesn't know which plans are governed by ERISA and which are not. So, it provides the services, and then CIGNA is the one that tells us whether or not there is, you know, when it responds to the claim. Yeah, but that doesn't answer whether in your complaint you have made that. I mean, I understand the difficulties that the provider has at that time, but when you're coming to sue, you have to tell us just what it is you're suing, what is covered by ERISA, and then if you've been via ERISA exhaustion. All those things are necessary for us to know what to do. So, Your Honor, we contend that ERISA exhaustion was not something we needed to plead because exhaustion would have been futile. We have legal arguments with regard to that. That gets me really to my second point, which is we need to be granted leave to amend this complaint. And we do not understand how the district court could have dismissed the complaint after the very first time that any district court was addressing the merits of the case. That's the fundamental procedural posture here. The case was started in New Jersey State Court. It was removed to New Jersey Federal Court. There was a finding that there was no personal jurisdiction. The case was transferred to the District of Connecticut. And then this order that we're appealing from is dismissing all claims with prejudice is the first time that any court has weighed in on the substance of the claim. But you did make a previous amendment of the complaint. So, Your Honor, there was one previous amendment. There are significant differences between the very bare notice pleading required in New Jersey. I thought your argument was you didn't have an opportunity to amend. Yes. So, Your Honor. But you amended. We did amend once. There's a very big difference between the pleading standards in Federal Court and the bare notice pleading as required in New Jersey State Court. So we amended once as soon as it was brought to the District of Connecticut. However, this order that we're appealing from is the very first time that any court weighed in on the merits of the action at all. So to the extent that the district court dismissed it, and it referred actually to another district court of Connecticut case from 2009 called Rodriguez v. Bear Stearns, in which the court found that it was inappropriate to allow further amendments. In that case, it said that the amendments that had been filed, which there were two prior amendments. Here there's only one amendment. Two prior amendments were merely recycled versions of claims already fallen victim to a motion to dismiss. Your Honor, we have the opportunity, if there's a reversal on the dismissal with prejudice, to add significant information. Have you given us any details in the blue brief of what it is with any level of specificity that you would have alleged had you been given the opportunity to amend? So, Your Honor, I do not believe that we did so in the blue brief. I don't think it would have been appropriate to add material that's outside the scope. What I can tell you is that ABERA has complaints. Why wouldn't it have if your claim is you were entitled to an opportunity to amend and you wanted through your proceedings here? What's the amendment you want? So, Your Honor, we attached to the complaint a spreadsheet that provided several fields detailing all the claims to enable- That's not an amended complaint. No, Your Honor, I agree. I agree. So I'll give you an example. I apologize. I'll give you an example. The ERISA claim was dismissed in the first instance because we didn't plead the actual language of assignments. The court found that there can be different scopes of assignments. If we didn't plead the actual language, we can come back and plead the actual language. That's a very specific, obvious amendment that we can add. And we will add, and we have added it in other cases as other district courts have found that it's not sufficient. So, Your Honor, I see my time is up. Why don't we hear from your opponent? And when you come back on rebuttal, if you could recall the question that Judge Calabresi asked you, and perhaps you can refer us to where in the blue brief you made the argument about the assignment. Thank you, Your Honor. And why don't we hear now from, is it Mr. Biggis? Yes, Your Honor. Thank you. May it please the Court. Patrick Biggis on behalf of the defendant, Apolise, Cigna Health. First, let me just begin by saying that this is a typical case by an out-of-network medical provider, which by definition does not have a contractual relationship with a health plan administrator like Cigna Health. Those agreements, which are typically called participation agreements, would spell out the rates that a bureau agreed to accept, all sorts of administrative obligations on both sides, and give a bureau a direct right of action against Cigna if it claimed that there was a breach of the contract. And like many out-of-network providers, a bureau wants to have it both ways. They want to not agree with Cigna to how the relationship will be governed contractually, but yet they want a direct right of action against Cigna. And this Court and many district courts in the circuit have repeatedly held that out-of-network providers like a bureau don't have direct contract actions against health plans like Cigna. They don't have quasi-contract plans. And really, practically, the only way that they can assert a direct claim is by having valid assignments by each patient that they allegedly treated. Now, to answer Judge Calabresi's question, in the blue brief, the only argument that I have seen plaintiffs make regarding the failure to adequately allege assignments is on page 27 of the brief. That's the bottom page, 27. It's page 35 of 40 in the ECF filing. They note that the district court dismissed plaintiff's ERISA claim for failing to quote the specific assignment language, then say, it is respectfully submitted that the trial court erred as the cases it cited dismissed complaints without prejudice, granting the plaintiffs an opportunity to further amend those pleadings. It then goes on to say, had the amended complaint and allegations been viewed in the light most favorable to plaintiff, etc., the court should find that plaintiff had adequate assignment language to bring forth the ERISA claim. No specific language about what the assignments specifically say. No specific challenge to the district court's finding other than to say, well, you should have taken our bare conclusory allegation and construed it in the light most favorable to plaintiff. But why shouldn't they be allowed to amend if they came up with adequate language in the amendments? Thank you, Your Honor. That's the thrust of their argument. So could you address that? Sure. There's three reasons why it was appropriate to deny leave to amend. First, they didn't make a motion in response to the dismissal occurred on the third motion to dismiss that Cigna filed. The first motion to dismiss was filed in New Jersey. The court in New Jersey granted that motion to the extent of transferring, finding there was no personal jurisdiction over Cigna and transferring the action to Connecticut. The second motion to dismiss was filed as a renewed motion upon the transfer of the case to Connecticut. In response to that motion, a bureau filed a motion to amend the complaint, including an amended complaint, and the district court granted that motion. Cigna then filed a third motion to dismiss, this time the amended complaint, spelling out in detail the defects in the amended complaint, including the abundant case law saying they have to specifically allege the language of assignments that they're relying on as a basis to give them a resistance. They did not move to file a second amended complaint. They did not propose a specific second amended complaint to the district court. They simply said in a couple of sentences in their opposition brief, A, we'd like to potentially amend our CUPA claim in the event that the court dismisses it, and if the court finds that the state law claims are preempted by ERISA, we'd like to amend there. No discussion in the opposition below about the language of their assignment, who signed assignments, and we found in these cases abundant facts. I mean, I know this is a motion to dismiss, but as this court has held in the Rojas case, assignments are not all created equal. Sometimes they're simply an assignment of a right to receive payment. It's much less frequent that there's a clear assignment of the right to assert a claim, a direct claim against the health plan. And also, more importantly, it's important that the plaintiff allege language regarding the specific health plans that are at issue because many of them, as this court has recognized, have anti-assignment provisions. And in the recent Murphy v. Yale case, this court upheld dismissal of an ERISA claim precisely because the Yale plan there, or at least in part because the Yale plan there, had an anti-assignment provision. It precluded the plaintiff from asserting direct or ERISA claims. So it is important to assert the specific language of specific assignments, and plaintiff's notion here really is that they're entitled to have a decision by a district court explaining to them exactly what the defect is in their complaint before they have any obligation to seek to amend their complaint. There's no case law so holding. It's enough that they knew from our motion to dismiss that what the defects in their complaint were, and they had every opportunity to ask the district court at that time for leave to amend. I would submit to your honors that this case, with regard to leave to amend, is very similar to a recent decision by this court in lieu v. Intercept Pharmaceuticals. It's number 20-3488, 2022 Westlaw 216-5621. It's an unreported decision from June 2022. There, the plaintiff argued that in preparing a motion, a proposed amended complaint, they never had the benefit of a ruling by the district court, and they didn't have a chance to address the district court's ruling before their complaint was dismissed with prejudice. They never filed that motion to amend. This court noted that in their opposition to the motion to dismiss, they merely mentioned that they would like an opportunity to amend, and the court said, quote, And there, the court said, it's within a district court's discretion not even to address an informal request for leave to amend that's made in a brief opposing a motion to dismiss. I will just say that there's a—my opposing counsel made a procedural or technical argument saying that the motion with respect to ERISA preempt—sorry, the appeal with respect to the state court claims is not moot. We argued it was moot because they did not address an alternate basis on which the district court dismissed all those claims, specifically ERISA preemption. I think we might debate whether it's mootness or waiver. We argued it was moot because there was a specific— The mootness is your weakest argument. You've got plenty of arguments. Don't spend much time on it. Thank you, Your Honor. They also allege that they don't need to plead exhaustion of administrative remedies with respect to the ERISA claim. There's an interesting history of exhaustion. It was originally—this court originally said it was a jurisdictional requirement. The court then held, I believe in the Pace case, that it wasn't jurisdictional but was in fact an affirmative defense. I submit that the Himeshoff case in the Supreme Court has changed that by saying that a claim for ERISA benefits does not accrue until administrative remedies are exhausted. But in any event, there's abundant case law in the district courts that a plaintiff has to allege facts in the complaint showing that they exhausted administrative remedies or alternately allege facts that exhaustion is futile. Unless the panel has any other questions for me, I'll tender the rest of my time. Thank you. Thank you very much. Mr. Goberman, you've reserved three minutes. Yes, Your Honor. Thank you. With regard to Judge Calabrese's question, counsel referred to the page in our brief that addresses ERISA. Our fundamental claim or position regarding that claim is the district court dismissed the ERISA claim in the first instance because we failed to allege assignment language. That's an obvious example of something that we can add. So can I point— Yes, Your Honor. I'll pause you right there. So are you agreeing that page 27 is the relevant place in the blue brief to look for your argument on that point? Yes, Your Honor. Okay, good. With regard to the ERISA claim itself, again, I was addressing the mootness argument, which I won't spend much time on, but the bottom line is that our position is that in a data set as large as this, some claims are going to be governed by ERISA, some not. When CIGNA made the motion to dismiss, it actually said specifically with regard to claims that are governed by ERISA, there cannot be state law claims because they're preempted. But it didn't seek to dismiss all state law claims as a result, just talking about the underlying medical claims to which ERISA applies. And our position is that's what the district court held. So when we sought to appeal from that ruling— To date, you still haven't given us the language that you would put in that would make these claims be valid under ERISA. So you're asking more for us to give you more time to put in something that you haven't yet told us what it would be. And you've had the, you know, maybe at the beginning you didn't have time, but Lord knows since then you could have told us what it is you want to say. So, Your Honor— And we could say whether that's adequate or not. Yes, Your Honor. We did plead in the amended complaint that there were assignments, that the assignments were contained within the requisition forms when services were sought, and that it was based on those assignments, those requisition forms with the assignment language that we provided services. We are happy to provide that specific language if we're able to amend. But counsel referred to an abuse of discretion in reviewing requests to amend. It's true that we did not file a separate motion to amend. But as I indicated previously, cases in which there's a denial to amend, there typically are multiple instances of amended complaints. There's an extended history in the Rodriguez case which this— Well, you only asked to amend the ERISA allegations, I thought, in a footnote of your response. Is that correct? Your Honor, so— Did you ask to amend your ERISA allegations in anywhere other than a footnote? That's my simple question. No, Your Honor. But my position is we also didn't need to actually ask for that. No, I understand that, yeah. Because the district court took it upon itself to do it. And we also cited— We have your argument. We appreciate it. So thank you both very much. Thank you, Your Honor. We will take the case under advisement. And let me just say to both counsel, very helpful arguments. We appreciate your coming in. Thank you, Your Honor. Thank you. Yeah, very nicely done.